IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN LOCKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 06-1647 |
| COUNTY OF ALLEGHENY DEPARTMENT | ) Chief Judge Ambrose |
| OF CORRECTIONS, et al., | ) Magistrate Judge Caiazza |
| | ) In re: Docs. 6 and 11 |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Motion to Dismiss filed by the Defendant Allegheny Correctional Health Services, Inc. ("CHS"), (Doc. 6), be denied, and that the Motion to Dismiss filed by Defendant Prison Health Care Services, Inc. ("PHS"), (Doc. 11), be granted with respect to the Plaintiff's claims under the Pennsylvania Constitution; it is further recommended that the Motion to Dismiss be granted with respect to the Plaintiff's claims commenced under the provisions of 42 U.S.C. §§ 1985 and 1988, and denied with respect to the Plaintiff's § 1983 claim.

### II. REPORT

Stephen Locke ("Locke" or "the Plaintiff"), represented by counsel, has filed the instant Complaint pursuant to the provisions of 42 U.S.C. §§ 1983, 1985 and 1988[1]; the Plaintiff's

---

1. The Complaint mistakenly cites to 42 U.S.C. §1998, which is clearly a misprint since there is no such statute.

Complaint also includes state law claims, seeking damages arising from an infection he alleges was developed while incarcerated. Defendants CHS, (Doc. 6), and PHS, (Doc. 11), have moved to dismiss, and the Plaintiff has responded to those Motions.

A.  **The Plaintiff's Allegations**

Locke alleges he was first incarcerated at the Allegheny County Jail in December, 2004, and that he was subsequently transferred to the State Correctional Institution at Camp Hill and then to the State Correctional Institution at Greene. (Doc. 1, ¶10). He alleges that "[w]hile in the Allegheny County Jail or the Commonwealth Corrections facility" he "developed breakouts on his skin", later diagnosed as Methicillin Resistant Staphylococcus Aureas ("MRSA") – a highly contagious staph infection. (Doc. 1, ¶11). This condition was treated by both CHS and PHS. (Doc. 1, ¶11).

The Plaintiff alleges that all Defendants, including CHS and PHS, were aware of outbreaks of MRSA at their respective facilities, as well as the inherent risks posed by the conditions at the correctional facilities, but that they "did nothing to prevent this from occurring to other inmates and by their own policies increased the risk and likelihood of harm". (Doc. 1 ¶17).

B. **The Analysis**

 1. **Section 1985, 1988 and Pennsylvania Constitution Claims.**

The Plaintiff, in his counseled response, does not contest the Motion to Dismiss filed by Prison Health Services, Inc., insofar as it seeks to dismiss the Plaintiff's claims under the Pennsylvania Constitution, and claims commenced pursuant to 42 U.S.C. §§ 1985 and 1988. Those claims should be dismissed.

 2. **Exhaustion of Administrative Remedies.**

Defendant PHS asserts that the Plaintiff failed to exhaust the available administrative remedies with respect to his claims. Their argument comes too early in this litigation. A plaintiff need not affirmatively plead exhaustion; rather, exhaustion is an affirmative defense which is waived if not properly pled by a defendant. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002) (holding that the failure to exhaust administrative remedies is an affirmative defense that must be pleaded by a defendant).

 3. **Deliberate Indifference Claims.**

The remaining claims in this case arise under the provisions of 42 U.S.C. §1983. In the context of a claimed denial of medical treatment, an inmate must show two elements to demonstrate a violation of his rights as protected by the Eighth Amendment: 1) that he was suffering from a "serious" medical need; and 2) that the prison officials were "deliberately indifferent" to the serious medical need. Id. Here, both CHS and PHS move to dismiss

on the basis that Locke has failed to allege that they were deliberately indifferent to his medical condition because he admits he received treatment after he developed a MRSA infection. In response, the Plaintiff argues that he is not claiming that the medical care given after he contracted the infection was improper -but only that the Defendants "were deliberately indifferent to the conditions at the jail such that it exposed inmates to the excessive risk of developing antibiotic resistant staph infections (MRSA)." (Doc. 10, at 2-3). That said, there is no claim in this case that the Plaintiff was denied treatment once he developed a MRSA infection.

The question becomes whether the failure to prevent the spread of MRSA in a prison environment may be the basis for a deliberate indifference claim. At least one court has found that the failure to take steps to prevent the spread of MRSA can state a claim of deliberate indifference. See, Kimble v. Tennis, 2006 WL 154950 (M.D.Pa. 2006)(allegations that prisoner with MRSA infection and open sores was released into general population sufficient to state claim for deliberate indifference to health of other inmates). Locke's case is in the pleading stage and he should be provided with the opportunity to develop the record on this issue.

CHS also moves to dismiss for a lack of specificity because Locke has not identified the institution in which he contracted

the infection. CHS also argues that Locke has failed to allege that any employee of CHS was aware of his condition and failed to treat it. Again, the Plaintiff points out that he does not claim his care was improper. Rather, he is alleging that the Defendants were deliberately indifferent because they failed to prevent his infection in the first instance. He also claims that the policy in place was ignored by CHS -as well as the other defendants, see Compl. ¶ 14- and that insufficient steps were taken to control an MRSA outbreak. The lack of specificity relied on by CHS is not fatal to Locke's claim because he has satisfied the pleading requirements of Federal Rule of Civil Procedure 8(a)(2).

Finally, PHS asserts that the Plaintiff has failed to identify any policy or custom which caused his injury. In response, the Plaintiff claims that the Defendants maintained a policy or custom of "keeping inmates from the grave concerns associates [sic] with the infectious prison conditions . . . ." (Doc. 13, at 5). Locke claims further that the acts of the Defendants were contra to the written policy because their goal was to "minimiz[e] inmate complaints leaving Plaintiff unable to protect himself . . . ." (Id.).

To establish a governmental entity's liability for purposes of a plaintiff's Section 1983 claims, the alleged unconstitutional action must implement or execute "a policy statement, ordinance, regulation, or decision officially adopted

and promulgated by that body's officers" or "is visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1977). A custom, which lacks the formal approval of a policy, can be established by evidence showing "practices . . . so permanent and well settled as to constitute 'custom or usage' with the force of law." Id. at 690.

Although Locke's allegations are somewhat scant, see Compl. ¶ 14, he has sufficiently set out the existence of a policy or custom whereby the Defendants both failed to inform inmates of the dangers associated with MRSA, and failed to follow a procedure designed to protect inmates.

C. **Summary**

It is respectfully recommended that the Motion to Dismiss filed by the Defendant Allegheny Correctional Health Services, Inc., (Doc. 6), be denied, and that the Motion to Dismiss filed by Defendant Prison Health Care Services, Inc., (Doc. 11), be granted with respect to the Plaintiff's claims under the Pennsylvania Constitution, as well as his claims under 42 U.S.C. §§ 1985 and 1988. It is finally recommended that the Motion to Dismiss filed by Prison Health Care Services, Inc. be denied with respect to Locke's §1983 claim.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by November 26, 2007. Responses are due by December 6, 2007.

November 8, 2007
                                                                       s/Francis X. Caiazza
                                                                       Francis X. Caiazza
                                                                       United States Magistrate Judge